UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMRON BELCHER,<br><br>                Petitioner,<br><br>vs.<br><br>GOVERNOR LITTLE, JAN BENNITS, ANTHONY GEDDES, JUDGE COPSEY, JUDGE WILPER, SERGEANT MARTIN, WARDEN YORDY, WARDEN RICHARDSON,<br><br>                Respondents. | Case No. 1:22-cv-00504-CWD<br><br>**INITIAL REVIEW ORDER** |

Camron Belcher's Petition for Writ of Habeas Corpus (Dkt. 4) is subject to review by the Court to determine whether he may proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Having reviewed the Petition, the Court concludes that Petitioner cannot

**INITIAL REVIEW ORDER- 1**

proceed, but he may file an amended petition if he desires to challenge a particular state court conviction or sentence.

## REVIEW OF PETITION

A habeas corpus action is a narrow remedy for a person in state custody to challenge a state criminal judgment that violates the federal Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. "[T]he traditional function of the writ is to secure release from illegal custody" by challenging the legality or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petitioner may challenge only one state court judgment in each habeas corpus petition. Rule 2(e), Rules Governing § 2254 Cases.

On the other hand, a civil rights complaint under 42 U.S.C. § 1983 is the proper method to bring a federal constitutional challenge to an inmate's conditions of confinement within the correctional system. *Id*. at 499. To distinguish between these two types of actions, the United States Court of Appeals for the Ninth Circuit clarified that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner's pleading is improper for a variety of reasons. He cannot challenge criminal judgments from 2005, 2010, 2018, and 2019 in one action. He cannot challenge his conditions of confinement in a habeas corpus action. He cannot name anyone except his legal and physical custodians as respondents. He cannot bring claims on behalf of his family members.

**INITIAL REVIEW ORDER- 2**

If Petitioner would like to challenge a single state criminal judgment on federal grounds, he may file an amended petition that meets the following standards. His amended petition must provide information showing that he previously presented each federal claim in a procedurally proper manner to the state district court and then to the state appellate courts, ending with the Idaho Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

The proper respondent in a habeas corpus action where the petitioner is in custody is the person who has the power to produce the petitioner/prisoner if a writ issues, such as a prison warden or jail sheriff. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). If the petitioner is not in custody, the proper respondent is "the person who exercises legal control with respect to the challenged 'custody,'" such as the attorney general of the state. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004).

The amended petition must contain *all* of Petitioner's federal claims challenging a single state criminal judgment. (A judgment may contain more than one *conviction*; the key is that the convictions must be included in a *single judgment* on *a single date*.) The amended petition must contain a short statement of the crimes and violations of which he is convicted, the sentences pronounced, the date of judgment if known, the state court that entered the judgment, the state court case number if known, and whether Petitioner pleaded guilty or went to trial on each conviction.

**INITIAL REVIEW ORDER- 3**

The amended petition must be organized in a neat and orderly claim-by-claim manner, with each claim being numbered and containing four supporting subsections: (a) its federal legal basis (which can be a citation to a constitutional provision or amendment, like "the Fifth Amendment," or a one-sentence description of its unconstitutionality without a legal citation, like, "this violated my right to confront my accusers in open court"); (b) the facts supporting the claim; (c) the procedural facts showing how and when the claim was properly presented to the Idaho Supreme Court, as described above, or a statement about why it was not presented; and (d) a brief argument of one to three paragraphs stating why the state court decision is contrary to, or an unreasonable application of, federal law, or, if the claim was not addressed in a state court decision, why it amounts to a violation of the federal Constitution.

Petitioner must not include in his amended petition any conditions of confinement claims (incidents that happened after he was incarcerated). For example, Petitioner's first claim is an Eighth and Fourteenth Amendment claim that prison officials failed to protect him from being assaulted by other inmates when he arrived at prison. This claim does not challenge the fact or duration of his conviction or sentence and must instead be brought in a civil rights claim under § 1983.

Petitioner's second claim is "oppression and unjust court hearings and defence." Dkt. 4, p. 7 (verbatim). His third claim is that he was "wrongfully convicted of burglary/oppression." *Id.*, p. 8 (verbatim). If Petitioner raised these claims under a federal theory in state court and pursued them through the Idaho Supreme Court, he may bring them in this federal habeas corpus action. A simple way to draft an amended petition is to

**INITIAL REVIEW ORDER- 4**

review the briefing from one's direct appeal and post-conviction appeal and copy any federal claims raised in those matters into the amended petition.

Petitioner's fourth and fifth claims appear to be a blend of challenges to his conviction and challenges to a revocation of probation. Challenges to a conviction must be set forth in a different petition from challenges to a probation revocation. Again, because exhaustion of state court remedies is required, claims brought in habeas corpus petitions should closely track federal claims brought in state criminal appellate briefing.

Petitioner should also understand that an amended petition will completely replace the original Petition submitted in this action. After submission of any amended petition, the Court will issue a successive screening order notifying Petitioner whether he can proceed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 2) is GRANTED.

2. Petitioner's Application to File Second or Successive Habeas Corpus Petition (Dkt. 1) is DENIED as MOOT. It does not appear that Petitioner has filed a prior federal habeas corpus petition challenging the same state criminal judgment that was dismissed with prejudice. If he has, then he must submit his application to the United States Court of Appeals for the Ninth Circuit and voluntarily dismiss this case.

**INITIAL REVIEW ORDER- 5**

3. No later than **30 days** after entry of this Order, Petitioner shall file an "Amended Petition," following the guidelines set forth above. He shall also file a "Motion to Review Amended Petition" that consists of a one-paragraph request to review the amended petition.

4. Failure to follow this Order may result in dismissal of this entire action for failure to state a claim and failure to follow a court order, without further notice to Petitioner.

DATED: January 6, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge